# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BLAKE L. ANDERSON,

    Petitioner,

v.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No.: 2:19-cv-01271-GMN-CWH

**ORDER**

    Blake L. Anderson, a Nevada prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Having conducted an initial review under Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss the petition because the state court conviction and sentence Anderson seeks to challenge have yet to become final.

    A federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980). This rule of restraint ultimately is based on the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *Arevalo v. Hennesy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted). "*Younger* cautions against federal interference with ongoing state criminal, civil, and administrative proceedings." *Id*.

According to Anderson's petition, he was convicted in state court on August 3, 2018 and received a sentence of 25 years to life. Anderson raises a single ground in his petition – that he is being deprived of his constitutional right to counsel in relation to the direct appeal of his state court conviction. Specifically, he alleges that his appellate counsel has failed to communicate with him about his appeal and neglected to file a reply brief. Anderson indicates in his petition that his appeal remains pending before the Nevada Supreme Court.[1]

*Younger* abstention is warranted if four requirements are met: "(1) there is an 'ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Id*.

Each of these requirements is met here. As noted, Anderson's direct appeal of his state court conviction is pending in the Nevada Supreme Court. The state court appeal implicates an important state interest in the administration of its criminal justice system. To the extent Anderson is unable to raise his constitutional challenge in his direct appeal, it is available to him in state post-conviction proceedings instituted after disposition of that appeal. *See Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). Finally, the exact relief Anderson seeks is not clear in his petition, but it appears as if he is seeking to "appeal" the Nevada Supreme Court's decision to deny him substitute counsel. If this court were to overturn the state court's decision it would have the practical effect of enjoining the state court's adjudication of his appeal.

---

[1] This court has confirmed this fact by consulting the Nevada Supreme Court's online records at http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46014.

Based on the foregoing, Anderson's habeas petition will be dismissed without prejudice. *See Gilbertson v. Albright*, 381 F.3d 965, 980-81 (9th Cir. 2004) (en banc) (noting that federal actions seeking equitable or discretionary relief should be dismissed once it is determined that *Younger* abstention is warranted). However, the dismissal of this proceeding is without prejudice to Anderson filing a federal habeas petition in this court after his pending state habeas proceedings are completed, and after he has exhausted his state court remedies as to any federal claims.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus (ECF No. 1) is DISMISSED without prejudice. The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealabilty is denied as reasonable jurists would not find this court's decision debatable or wrong.

IT IS FURTHER ORDERED that the Clerk is directed to add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents and electronically serve upon respondents a copy of the petition for writ of habeas corpus (ECF No. 1) and a copy of this order. No response or appearance by the Respondents is necessary.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a memorandum of points and authorities (ECF No. 2) is GRANTED.

Dated: July 30, 2019

_____
UNITED STATES DISTRICT JUDGE